# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER SALGADO and JENNY'S TAX SERVICE,<br><br>Defendants. | No.   1:16-CV-03186-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT AND DIRECTING THE PARTIES TO SUBMIT A JOINT STATEMENT** |

Before the Court, without oral argument, is Defendants' Motion for Protective Order and Memorandum in Support, ECF No. 17. Through this motion, Defendants seek an order from this Court limiting the United States' ability to file unredacted Defendants' customer lists and personal identifying information into the public record. *Id.* at 1. Plaintiff United States opposes the motion and argues that Defendants have not demonstrated that good cause exists justifying a protective order in this case and that such an order would be unduly burdensome on Plaintiff. ECF No. ECF No. 22 at 1 and 10. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Defendants' motion. However, as detailed below, the Court is concerned about including private

ORDER **-** 1

information into the public record. For this reason, the Court orders the parties to meet and confer and agree on what information they will redact from Court filings to prevent personal identifying information from becoming public. They shall submit a joint proposal on this issue to the Court no later than April 14, 2017.

## I.    Background

The United States filed the complaint in this case on October 25, 2016. ECF No. 1. In it, the United States alleges that Jennifer Salgado (née Montenegro) through her business, Jenny's Tax Services, prepared and filed hundreds of false or fraudulent federal tax returns in violation of federal law. *See generally id*. The United States brings this action under 26 U.S.C. §§7402(a), 7407, and 7408, seeking injunctive relief against Defendants that would prevent them from acting as tax return preparers for persons other than themselves or a legal spouse, among other relief. *Id.* at 12–14. Defendant Salgado is the sole proprietor of Jenny's Tax Service. ECF No. 18 at 1.

This case is in its early stages. Defendants filed their answer on November 28, 2016. ECF No. 7. The Court held a scheduling conference with the parties on January 27, 2017. ECF No. 15. During the conference, the parties confirmed their disagreement regarding the propriety of issuing a protective order in this case. ECF Nos. 13 and 14. Through a text order, the Court ordered Defendants to file a motion regarding their request for a protective order under Federal Rule of Civil

Procedure 26(c). ECF No. 14. In essence, Defendants believe the client information in their possession, including client lists, constitutes a protectable trade secret. ECF No. 17 and 24. The United States disagrees. ECF No. 22. Defendants filed the motion at issue here on January 31, 2017, and responsive and reply memoranda followed. ECF Nos. 17, 22, and 24. The Court now considers the parties' briefing on the matter.

## II.  Legal Standard

Federal Rule of Procedure 26(c) governs the issuance of protective orders in civil matters. Courts may issue "an order to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense" for good cause shown. Fed. R. Civ. P. 26(c)(1). However, courts recognize and enforce a presumption in favor of public access to records in civil litigation absent good cause. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.")

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210–11 (citing *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated

ORDER - 3

by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). If good cause is shown, then courts balance the public's interest in access to court proceedings with the private interests that would be harmed in a specific case to decide whether issuing a protective order is appropriate and necessary. *Id.*

Courts maintain broad discretion in deciding whether or not to issue protective orders. *Id.* at 1211 ("The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to,* trade secrets or other confidential research, development, or commercial information." *Id.* at 1211 (emphasis in original). Accordingly, a court can issue a protective order in cases demonstrating circumstances that, in its reasoned judgment, merit such an order. *Id*. at 1211–12 ("Rule 26(c) authorizes the district court to issue *any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden. The Supreme Court has . . . [noted that the] unique character of the discovery process requires that the *trial court have substantial latitude to fashion protective orders.*" (citations and quotation marks omitted).

### III.   Analysis

Defendants argue the Court should grant the requested protective order because "good cause exists to protect [Defendants'] customer information as a trade secret." ECF No. 17 at 4. Specifically, they would require the United States

"redact personal identifying information of [Defendants'] clients prior to filing with the Court." *Id.* They assert that these client lists are "a trade secret that is commercially valuable because it is not known to competitors or the general public." *Id*. Further, Defendants maintain that Rule 5.2—which requires parties to redact specific sensitive information such as social security numbers—would not sufficiently protect the client lists at issue because these are trade secrets. *Id.* at 6; ECF No. 24 at 4. Lastly, Defendants believe the United States has not shown that the proposed protective order is unduly burdensome. ECF No. 24 at 5.

### A.  Defendants' client lists are not protectable trade secrets.

In Washington state "[c]ompilations of customer information *may* be a trade secret." *Robbins, Geller, Rudman & Dowd, LLP v. State of Washington et al*, 328 P.3d 905, 911 (Wash. Ct. App. 2014). "[W]hether a customer list is protected as a trade secret depends on three factual inquiries: (1) whether the list is a compilation of information; (2) whether it is valuable because unknown to others; and (3) whether the owner has made reasonable attempts to keep the information secret." *Ed Nowogroski Ins., Inc. v. Rucker et al*, 971 P.2d 936, 945 (Wash. 1999). However, "[t]rade secret protection will not generally attach to customer lists where the information is readily ascertainable." *Id.*; *see also Nat'l City Bank, N.A. v. Prime Lending, Inc.*, 737 F. Supp. 2d 1257, 1266 (E.D. Wash. July 20, 2010) ("[Customer] list was not a trade secret because it was readily ascertainable by

1  proper means. . . . Plaintiffs claim that it would have been very expensive and
2  time-consuming to compile all the customer information that Defendants took
3  from them. That might be, but publicly available information does not become a
4  trade secret even if it is expensive to acquire.") (citations omitted).

5  Here, Defendant Salgado states that Defendants "maintain copies of
6  customer tax returns and lists of clients in compliance with federal law." ECF No.
7  18 at 2. This constitutes a compilation of information.

8  The second factor is also met. Defendants assert that the information is
9  commercially valuable precisely because it is not known to competitors or the
10 general public. ECF No. 17 at 4. Further, Defendant Salgado avers that
11 competitors have approached her to purchase her company in the past year. ECF
12 No. 18 at 2. She asserts that this interest from competitors "is based almost
13 entirely on the goodwill generated by the company and access to our book of
14 business." *Id.*

15 Third, Defendants also present information detailing the steps they have
16 taken to maintain their customers' information confidentiality. That they do so
17 because they are required to do so by law is immaterial; it is undisputed that they
18 have taken steps to maintain their clients' information secret.

19 Nevertheless, whether trade secret protection attaches turns on whether the
20 information is "readily ascertainable." *Ed Nowogroski Ins., Inc.*, 971 P.2d at 945.

Defendants propose to designate the following information "confidential" under their proposed protective order: (1) client/spouse/dependents name; (2) client/spouse/dependents address; (3) client/spouse/dependents telephone number; (4) client/spouse/dependents social security or tax identification number; (5) client/spouse/dependents; (6) client banking/financial information; (7) schedule C business name, EIN, address; (8) schedule E property addresses; and (9) W-2/1099 employer/payer's name, EIN, address. ECF No. 17-1 at 2. The United States asserts that this information is either publicly available or already protected from disclosure under Rule 5.2. ECF No. 22 at 1. The Court agrees with the United States' position that this information is either publicly available or protected by Rule 5.2. Accordingly, the information Defendants seek to protect is not a trade secret.

### B. The parties shall meet and confer and submit a joint statement proposing how to more fully protect Defendants' clients' privacy.

Although the Court finds the information at issue here does not constitute a trade secret upon which protection attaches, it is concerned about adequately protecting Defendants' clients' privacy. While Rule 5.2 establishes the floor regarding the redactions parties must make when filing documents in federal court, it is well within the Court's discretion to order additional protections when necessary. *See supra* at section II; *see also* Fed. R. Civ. P. 5.2 ("*Unless the court orders otherwise*, in an electronic or paper filing with the court that . . .")

(emphasis added). Specifically, the Court is concerned that Defendants' clients likely and reasonably expected that by turning to Defendants for help in filing tax returns their information—particularly personal identifying information—would not become publicly available. This is especially true of sensitive financial and other information contained in federal tax returns. The parties represent that tax returns will be filed in this case, therefore the Court believes there is reason to take precautionary measures to protect sensitive and private information.

Accordingly, the Court orders the parties to meet and confer and agree upon what information—in addition to that already specified in Rule 5.2—they will redact prior to filing documents with the Court. The Court expects that their agreement will result in public filings with all personal identifying information redacted such that a specific client cannot be recognized. In issuing this order, the Court is cognizant of not overburdening the parties and of maintaining open court proceedings. However, as this order only contemplates limits on public filings, the burden on the parties will be minimal and not much more onerous than Rule 5.2's present requirements. Moreover, the Court will only order redactions as necessary to protect the reasonable privacy concerns of Defendants' clients, who are not parties to this litigation. The parties shall meet and confer and submit a joint statement on this issue no later than April 14, 2017, for the Court's consideration and approval.

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Protective Order and Memorandum in Support, **ECF No. 17**, is **DENIED**.

2. The parties are **ORDERED** to meet and confer and submit a joint statement regarding the redaction of all personally identifying information prior to filing with the Court **no later than April 14, 2017**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of March 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge